**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTONIO LING,**

       **Petitioner,**

**vs.**                                   **Case No. 4:13cv84-MW/CAS**

**JULIE L. JONES, Secretary,
Florida Department of Corrections,**[1]

       **Respondent.**

                                          /

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On February 18, 2013, Petitioner Antonio Ling, proceeding pro se, filed a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On September 10,

2013, Respondent filed an answer, with exhibits.  ECF No. 11.  Petitioner filed a reply

on December 16, 2013.  ECF No. 14.

The matter was referred to the undersigned United States Magistrate Judge for

report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida

Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has

---

[1]The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida
Department of Corrections in place of Michael D. Crews.  Julie Jones became Secretary
on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of
Civil Procedure 25(d).

determined that no evidentiary hearing is required for disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## State Court Proceedings

By amended information filed February 22, 2006, in case number 04-CF-3728A5 in the Second Judicial Circuit, Leon County, the State of Florida charged Petitioner Antonio Ling with ten counts, in connection with events that took place between September 22, 2004, and October 21, 2004.  ECF No. 11 Ex. C at 4-5; *see id.* at 2-3 (initial information filed November 8, 2004).[2]  On February 20 and 21, 2008, Ling proceeded to a jury trial on Counts I, II, VII, VIII, IX, and X: (I) trafficking in cocaine, a first degree felony, contrary to sections 893.03 and 893.135, Florida Statutes; (II) manufacturing crack cocaine with intent to sell within 1,000 feet of school, a first degree felony, contrary to section 893.13(1)(c)1., Florida Statutes; (VII) possession of a firearm by a convicted felon, a second degree felony, contrary to section 790.23(1)(a), Florida Statutes; (VIII) possession of paraphernalia, a first degree misdemeanor, contrary to section 893.147(1), Florida Statutes; (IX) maintaining place where controlled substances are used, a first degree misdemeanor, contrary to section 893.13(7)(a)5., Florida Statutes; and (X) possession of cannabis, a first degree misdemeanor, contrary to section 893.13(6)(b), Florida Statutes.  *Id.* at 4-5; Ex. E (transcript of jury trial).  Ling

---

[2]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 11.

did not testify. Ex. E at 207, 225. The jury found him guilty as charged. Ex. C at 271-73; Ex. E at 269-70, 312. In a judgment and sentence rendered March 12, 2008, the state trial court adjudicated Ling guilty and sentenced him to concurrent sentences of fifteen (15) years in prison on Counts I, II, and VII, with a minimum mandatory term of three (3) years on Count I, and a concurrent term of 364 days incarceration on Counts VIII, IX, and X, all to run consecutive to Ling's sentence on Count V, which had been severed and previously tried.[3] Ex. C at 294-304.

Ling appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D08-1251, and his attorney filed an initial brief raising two points. Ex. I. The State filed an answer brief. Ex. J. Ling filed a reply brief. Ex. K. In an opinion issued August 6, 2009, the First DCA affirmed in part and reversed in part, and remanded for discharge on the offense of possession of a firearm by a convicted felon (Count VII). Ex. L; Ling v. State, 15 So. 3d 914 (Fla. 1st DCA 2009). The mandate issued August 24, 2009. Ex. M.

On August 31, 2009, the trial court entered an amended judgment and sentence reflecting the discharge of Count VII; the rest of the judgment and sentence remained the same. Ex. N. Ling did not appeal the amended judgment and sentence.

Relevant to this § 2254 proceeding, on November 18, 2009, and January 20, 2010, Ling filed pro se motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Ex. P at 1-30, 31-59. The state trial court summarily denied

---

[3]Ling also has pending in this Court a § 2254 habeas corpus petition concerning his conviction and sentence on Count V, assigned case number 4:12cv649-MW/CAS.

relief in an order rendered May 13, 2010. *Id.* at 60-66. Ling appealed to the First DCA,

assigned case number 1D10-3753, and he filed an initial brief. Ex. Q. The First DCA

per curiam affirmed the case without an opinion on October 13, 2010. Ex. S; *see* <u>Ling</u>

<u>v. State</u>, 51 So. 3d 467 (Fla. 1st DCA 2010) (table). Ling filed a motion for rehearing,

which the First DCA denied by order on January 14, 2011. Exs. T (motion), U (order).

The mandate issued February 1, 2011. Ex. V.

On April 20, 2011, Ling filed a petition in the First DCA alleging ineffective

assistance of appellate counsel. Ex. X. The First DCA denied the petition on the merits

on May 19, 2011. Ex. Y; <u>Ling v. State</u>, 65 So. 3d 48 (Fla. 1st DCA 2011). Ling moved

for rehearing and rehearing en banc, which the First DCA denied by order on July 8,

2011. Exs. Z (motion), AA (order).

On July 14, 2011, Ling filed another Rule 3.850 motion in the state trial court.

Ex. CC at 1-22. That court summarily denied the motion on August 22, 2011, as

successive and an abuse of process. *Id.* at 23-24. Ling appealed to the First DCA; the

First DCA per curiam affirmed the case, assigned number 1D11-5557, without an

opinion on January 9, 2012. Ex. DD; <u>Ling v. State</u>, 77 So. 3d 1260 (Fla. 1st DCA 2012).

The mandate issued February 6, 2012. Ex. EE.

On March 8, 2012, Ling filed a motion to correct illegal sentence pursuant to

Florida Rule of Criminal Procedure 3.800(a) and a motion to vacate, set aside, or

dismiss. Ex. GG at 1-17, 18-21. In an order rendered August 10, 2012, the state court

denied both motions. *Id.* at 28-33. Ling appealed to the First DCA. That court per

curiam affirmed the case without an opinion on November 29, 2012.  Ex. JJ; Ling v.

State, 103 So. 2d 149 (Fla. 2012).  The mandate issued December 27, 2012.  Ex. KK.

As indicated above, on February 18, 2013, Ling filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 in this Court.  ECF No. 1.  He raises five grounds,

including three alleging ineffective assistance of counsel (IAC):

> (1) The state trial court erred by denying Ling's motion to suppress
> because the probable cause affidavit did not provide a sufficient nexus
> between criminal activity and the residence to be searched.  *Id.* at 5.
>
> (2) IAC – Trial counsel rendered ineffective assistance by failing to call as
> a witness Special Agent Tonja Bryant-Smith of the Florida Department of
> Law Enforcement as she had exculpatory evidence supporting the
> defense; counsel was aware of this prior to trial, through a deposition
> taken on August 8, 2006. *Id.* at 6.
>
> (3) IAC – Trial counsel failed to impeach the testimony of a State witness,
> Sergeant David Odom of the Tallahassee Police Department, about an
> alleged confession whereby Ling admitted to ownership of the dogs found
> during an execution of a search warrant; Sergeant Odom gave false
> testimony at trial.  *Id.* at 8.
>
> (4) IAC – Appellate counsel rendered ineffective assistance by failing to
> raise, as a point on appeal, that it was fundamental error to convict Ling of
> an uncharged offense in violation of his Fifth, Sixth, and Fourteenth
> Amendment rights under the U.S. Constitution, where his name was
> omitted from each count in the charging information.  *Id.* at 10.
>
> (5) Giglio Claim – The testimony of Sergeant Odom was false and the
> prosecutor knew it was false.  *Id.* at 12.

Respondent has filed an answer and exhibits.  ECF No. 11.  Ling has filed a reply, in

which he indicates he abandons Grounds 1 and 5 listed above.  ECF No. 14.

Accordingly, this Court will address only Grounds 2, 3, and 4 – the three IAC claims – in

the analysis, *infra*.  *See, e.g.*, Bailey v. Tucker, No. 5:09cv221-RS/EMT, 2011 WL

5980989, at \*14 (N.D. Fla. Oct. 12, 2011) (Report and Recommendation to deny § 2254 petition and explaining, as to one ground: "Petitioner contends defense counsel was ineffective for failing to investigate and bring to his attention an insanity defense 'superinduced' by long term use of intoxicants (doc. 1 at 5). Respondent contends Petitioner failed to show he is entitled to relief on this claim (doc. 9 at 24-25). In Petitioner's reply, he concedes he is not entitled to relief on this claim (doc. 16 at 7). The court accepts Petitioner's concession and will not conduct further review."); Evans v. McNeil, No. 3:07cv98-LAC/EMT, 2009 WL 3163214, at \*17 (N.D. Fla. Sept. 30, 2009) (Report and Recommendation to deny § 2254 petition and explaining, as to one ground: "In Petitioner's reply brief, he expressly withdraws Ground Three [alleging he was denied effective assistance of counsel at trial] from consideration (*see* Doc. 24 at 7). Therefore, the court need not consider this claim.), adopted by 2009 WL 3710725 (N.D. Fla. Nov. 3, 2009) (order); Brown v. McDonough, No. 3:06cv289-MCR/EMT, 2007 WL 2028843, at \*10 (N.D. Fla. July 10, 2007) (Order adopting Report and Recommendation to deny § 2254 petition, which explained as to one ground: "In his reply to Respondent's answer, Petitioner concedes he is not entitled to federal habeas relief on his remaining claims and requests relief only as to Ground one (Doc. 18 at 3-4). Therefore, the court need not address these claims.").

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See* Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant relief unless the state court's adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that

was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct.

at 1388.

Also relevant here, in Strickland v. Washington, the U.S. Supreme Court adopted

a two-part test for IAC claims:

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel
> was not functioning as the "counsel" guaranteed the defendant by the
> Sixth Amendment. Second, the defendant must show that the deficient
> performance prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

466 U.S. 668, 687 (1984). To demonstrate ineffectiveness, a "defendant must show

that counsel's performance fell below an objective standard of reasonableness." *Id.* at

688. To demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.* For this Court's purposes,

importantly, "[t]he question 'is not whether a federal court believes the state court's

determination' under the Strickland standard 'was incorrect but whether that

determination was unreasonable – a substantially higher threshold.'" Knowles v.

Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473

(2007)). "And, because the Strickland standard is a general standard, a state court has

even more latitude to reasonably determine that a defendant has not satisfied that

standard." *Id.* It is a "doubly deferential judicial review that applies to a Strickland claim

evaluated under the § 2254(d)(1) standard." *Id.*

## <u>Ground 2</u>: IAC – Special Agent Bryant-Smith

In this ground, Petitioner Ling asserts his trial counsel rendered ineffective assistance by failing to call as a trial witness Special Agent Tonja Bryant-Smith from the Florida Department of Law Enforcement.  ECF No. 1 at 6.  Ling asserts Agent Bryant-Smith had exculpatory evidence supporting the defense and trial counsel was aware of this prior to the trial, through a deposition counsel took on August 8, 2006.  *Id.*  Ling further asserts that if counsel had called this witness, she would have testified that Ling never admitted to knowledge or ownership of anything related to the drugs found during the execution of a search warrant, and this contradicted the testimony of the State's key witness, Sergeant David Odom of the Tallahassee Police Department, "who gave false testimony at trial."  *Id.* at 20 (Ex. B).  Not presenting this testimony prejudiced Ling because if the jury had heard it, the jury "would have known that Petitioner Ling did not admit to knowledge, ownership, the manufacturing of drugs, nor anything related to drugs found during the execution of the search warrant."  *Id.*

Ling raised this ground as the first claim in his Rule 3.850 motion filed in state court.  Ex. P at 6-7.  The state post-conviction trial court denied the claim, making the following findings:

### <u>Ground 1</u>

This claim begins on page 6 of the motion filed Nov. 24, 2009. Defendant alleges counsel was ineffective for failure to call FDLE Special Agent Tonja Bryant-Smith to testify at trial.  Specifically, Defendant claims she would have testified that Defendant never admitted to knowledge, manufacturing, or ownership of the drugs or anything related to the drugs found during the search.  This claim is conclusively refuted by the record, because Special Agent Bryant-Smith testified at Defendant's second trial.

*Exh. 1 - 2/20/08 Trial Trans., pp. 72-122; 190-193.* She testified she was present at the residence when the search warrant was executed and was the case agent for FDLE as well as the evidence custodian, responsible for photographing, bagging and impounding the evidence. *Exh. 1, p. 73.* She stated Defendant was not present at the residence. *Exh. 1, pp. 73-74.* Defendant's claim as to the exculpatory nature of her testimony is misguided.

Defendant attached to his motion a portion of Special Agent Bryant-Smith's deposition. *Exh. 2 - Excerpt of Bryant-Smith Depo. Trans.* During the deposition, because of some confusing language, it appears she testified that she, along with Sgt. David Odom, questioned Defendant the night he was arrested. *Id.* However, it is clear that she was merely reading a report at the deposition and relating what Defendant told law enforcement during the interview, not what he told her personally. *Id.* Special Agent Bryant-Smith testified at trial that after Defendant was arrested at his place of employment, he spoke with Sgt. Odom. *Exh. 1, p. 110.* Other than that statement, her trial testimony related only to the evidence. *Exh. 1, pp. 72-122; 190-193.* She also testified in a motion to suppress hearing about her involvement in three controlled buys. *Exh. 3 - 2/7/06 Hearing Trans., pp. 27-36.* During the trial and hearing, she never stated that she interviewed Defendant at any time. Additionally, Sgt. Odom testified at trial that he interviewed Defendant at the police station after his arrest, but gave no indication that Special Agent Bryant-Smith was present during the interview. *Exh. 1, pp. 123-136.* Because Defendant has not stated a basis for relief, Ground 1 is denied.

*Id.* at 61-62. The state court's rulings, affirmed on appeal without opinion, are entitled to

AEDPA deference and are supported by the record. *See* 28 U.S.C. § 2254(d); Cullen,

131 S. Ct. at 1402; Harrington, 131 S. Ct. at 784-85; Wright, 278 F.3d at 1255.

In particular, the record supports the state post-conviction court's finding that

Special Agent Tonja Bryant-Smith did testify at Ling's trial, contrary to Ling's allegation.

Ex. E at 72-122, 190-93. Further, as the court found, Bryant-Smith testified she was

present when the search warrant was executed at Ling's home, she was the evidence

custodian, and Ling was not present when the warrant was executed. *Id.* at 73-74, 110.

In addition, as the court found, some confusing testimony exists in Bryant-Smith's deposition; however, a fair reading of the deposition reflects that Bryant-Smith was reading a report during her testimony, relating what Ling told law enforcement during an interview, not what Ling told her personally.  Ex. P at 136.  The record supports the state court's finding that Bryant-Smith never testified at trial that she interviewed Ling herself; rather, she testified that Sergeant Odom spoke with Ling.  Ex. E at 110.  *See id.* at 126-28 (Odom's testimony that he interviewed Ling at the police department).

In addition, after the jury retired to deliberate, the following transpired on the record:

> THE COURT: . . . All right.  Mr. Ling, let me ask you, are you satisfied with the way Mr. Pumphrey tried the case for you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is there anything you asked him to do that he did not do?
>
> THE DEFENDANT: No, ma'am.

Ex. E at 260; *see id.* at 310.

Based on the foregoing, the state court did not err in concluding Ling had not shown a basis for relief on this IAC claim.  Ling has not shown the state court ruling rejecting this claim resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

### <u>Ground 3</u>: IAC – Sergeant Odom

In this ground, Ling asserts trial counsel rendered ineffective assistance by failing

to impeach the testimony of a State witness, Sergeant David Odom of the Tallahassee

Police Department, about an alleged confession whereby Ling admitted to ownership of

the dogs found during an execution of a search warrant.  ECF No. 1 at 8.  Ling asserts

Sergeant Odom gave false testimony at trial.  *Id.* at 8.

Ling raised this ground as the second claim in his Rule 3.850 motion filed in state

court.  Ex. P at 8-9.  The state post-conviction trial court denied the claim, making the

following findings:

### <u>Ground 2</u>

This claim begins on page 8 of the motion filed Nov. 24, 2009.
Defendant alleges ineffective assistance of counsel for failure to conduct
an effective cross-examination of Sgt. David Odom, who gave "false
testimony" regarding "an alleged confession . . . admitting to ownership of
the drugs found during an execution of a search warrant."  Defendant
advises that counsel should have impeached Sgt. Odom with the DEA
report used by counsel during deposition, and claims that this more
effective cross-examination, along with the testimony of FDLE Special
Agent Tonja Bryant-Smith, would have resulted in an acquittal because it
would have shown that Defendant never admitted to ownership or
knowledge of the items found during the search.

This claim is completely without merit and is refuted by the record.
Sgt. Odom testified at trial that he interviewed Defendant after he was
arrested and transported to the police station.  *Exh. 1, pp. 125-126.*  After
being advised of his *Miranda* rights and waiving the presence of an
attorney, Defendant confessed that he had been a drug dealer for years
and had recently learned how to cook crack cocaine and was doing so in
the residence, and that all narcotics and firearms found in the residence
belonged to him.  *Exh. 1, pp. 126-136.*  Defense counsel's cross-
examination of Sgt. Odom was more than sufficient, dealing mainly with
Defendant's waiver of his rights.  *Exh. 1, pp. 131-135.*  There is no reason
to believe that Sgt. Odom's testimony was false, as Defendant suggests.

> Further, nothing in the DEA report attached to Defendant's motion
> provides support for the allegation that the report would have assisted in
> the impeachment of Sgt. Odom. *Exh. 4 - DEA Report*. Finally, as
> explained in Ground 1 above, the trial testimony of Special Agent Bryant-
> Smith does not provide that Defendant never admitted to ownership or
> knowledge of the items found during the search. Accordingly, Ground 2 is
> denied.

*Id.* at 62-63. The state court's rulings, affirmed on appeal without opinion, are entitled to

AEDPA deference and are supported by the record. *See* 28 U.S.C. § 2254(d); <u>Cullen</u>,

131 S. Ct. at 1402; <u>Harrington</u>, 131 S. Ct. at 784-85; <u>Wright</u>, 278 F.3d at 1255.

In particular, the record supports the state post-conviction court's findings

regarding Sergeant Odom's testimony and defense counsel's cross-examination. Ex. E

at 125-36, 131-35. In particular, defense counsel questioned Sergeant Odom about the

polices and procedures of the Tallahassee Police Department and Ling's waiver of

Miranda rights. *Id.* at 131. Sergeant Odom testified that one of the policies and

procedures is the use of a waiver form for Miranda rights; however, "[t]hat is not a

mandated form" and Sergeant Odom "went over with him with a card, a Miranda rights

card." *Id.* at 131-32. Defense counsel elicited testimony from Sergeant Odom that the

form, if he had used it, "has a place for the defendant to sign it, if he chooses to sign it."

*Id.* at 132. As the state court found, nothing indicates Sergeant Odom gave false

testimony. Moreover, as indicated in the analysis of Ground 2, *supra*, Ling indicated on

the record that he was satisfied with the way defense counsel tried the case and

counsel did everything Ling asked him to do. Ex. E at 260, 310.

Based on the foregoing, the state court did not err in concluding Ling's IAC claim

lacked merit. Ling has not shown the state court ruling rejecting this claim resulted in a

decision that was either (1) contrary to, or involved an unreasonable application of,

clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable

determination of the facts in light of the evidence presented in the state court

proceeding.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

## Ground 4: IAC – Appellate Counsel

In this ground, Ling asserts his appellate counsel rendered ineffective assistance

by failing to raise, as a point on appeal, that it was fundamental error to convict Ling of

an uncharged offense in violation of his Fifth, Sixth, and Fourteenth Amendment rights

under the U.S. Constitution, where his name was omitted from each count in the

charging information.  ECF No. 1 at 10.  As Respondent indicates, Ling's appellate

counsel cannot be ineffective for failing to raise this point on appeal because this point

lacks merit.  ECF No. 11 at 14.

In particular, the record contains copies of the original information and the

amended information.  Ex. C at 1-3 (original information), 4-5 (amended information).

The amended information identifies the Petitioner, Antonio M. Ling, as the Defendant in

the case and includes, in the caption, the Petitioner's name, race and gender, date of

birth, and Social Security number.  *See id.* at 4.  The amended information charges "the

above-named defendant" with ten counts, including Counts I, II, VIII, IX, and X at issue

in this case:

> COUNT I: On October 21, 2004, did unlawfully and knowingly sell,
> purchase, manufacture, deliver, or was knowingly in actual or constructive
> possession of 28 grams or more of cocaine or a mixture containing
> cocaine, a controlled substance defined in Section 893.03, contrary to
> Section 893.135, Florida Statutes.

COUNT II:  On October 21, 2004, did unlawfully sell, deliver, manufacture, or possess with intent to sell, deliver or manufacture a controlled substance, cocaine, in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school between the hours of 6 a.m. and 12 a.m., contrary to Section 893.13(1)(c)1, Florida Statutes.

. . . .

COUNT VIII: On October 21, 2004, did unlawfully use or possess with intent to use plastic baggies, baking soda, cooking pot with cocaine residue, fork with cocaine residue, cutting agent, and a scale, drug paraphernalia, to prepare, test, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance, cocaine, contrary to Section 893.147(1), Florida Statutes.

COUNT IX: On October 21, 2004, did unlawfully keep or maintain a store, shop, dwelling, building, or other structure at 1984 Portland Avenue which was resorted to by persons using cocaine and cannabis, a controlled substance as defined in Section 893.03, or which was used for keeping or selling such controlled substance, contrary to Section 893.13(7)(a)5, Florida Statutes.

COUNT X: On October 21, 2004, did unlawfully and knowingly be in actual or constructive possession of a controlled substance, named or described in Section 893.03, Florida Statutes, cannabis (marijuana), contrary to Section 893.13(6)(b), Florida Statutes.

*Id.* at 4-5.  This information thus identified Ling as the defendant, set forth the charged crimes and essential facts, cited the statutes he allegedly violated, and was not "so vague, indistinct, and indefinite as to mislead the accused and embarrass him . . . in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense."  Fla. R. Crim. P. 3.140(o); *see* Carbajal v. State, 75 So. 3d 258, 262-63 (Fla. 2011) (citing Rule 3.140(o) and explaining that "while a charging instrument is essential to invoke the circuit court's subject matter jurisdiction, 'defects in charging documents are not always fundamental

where the omitted matter is not essential, where the actual notice provided is sufficient, and were all the elements of the crime in question are proved at trial'" (quoting State v. Gray, 435 So. 2d 816, 818 (Fla. 1983))).

Moreover, to the extent Ling asserts the state court erred in any decision concerning the Florida rule, "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); *see* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); *accord, e.g.*, McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992). *See also, e.g.*, Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) ("The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction. That is not the case presented here. An examination of the indictment . . . shows that it incorporated the elements of the offense of armed robbery, named the complaining witness and sufficiently described the circumstances of the alleged robbery. The indictment was not fatally defective, for it adequately informed Heath of the charge he was called upon to defend, and the state trial court was not deprived of jurisdiction."). This ground should be denied.

**Conclusion**

Based on the foregoing, Petitioner Antonio M. Ling is not entitled to federal habeas relief.  The § 2254 petition (ECF No. 1) should be denied.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner

Ling's § 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate of

appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.  The

Clerk shall substitute Julie L. Jones as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on November 5, 2015.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**